UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
**Case No.:  13-cv-61970-RSR**

AROUND THE CLOCK A/C SERVICE, INC.,
and ABC IP HOLDINGS, LLC,

       Plaintiffs,

v.

LINDSTROM AIR CONDITIONING, INC.,
and AROUND THE CLOCK PLUMBING, INC.

       Defendanst.

_____/

## DEFENDANT, LINDSTROM AIR'S, MOTION TO DISMISS WITH INCORPORATED MEMORANDUM OF LAW

Defendant, Lindstrom Air Conditioning, Inc. ("Lindstrom Air"), by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), files this Motion to Dismiss with Incorporated Memorandum of Law.  Lindstrom Air moves to dismiss the Complaint filed by the Plaintiffs, Around the Clock A/C Service, Inc. ("ATC AC") and ABC IP Holdings, LLC ("ABC IP"), because the Plaintiffs have failed to state claims upon which relief can be granted.

### I.  INTRODUCTION

As a matter of law, a court may dismiss an action pursuant to Rule 12(b)(6) if a complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).  Here, Plaintiffs have failed to allege, and cannot allege, a plausible legal or factual basis for each of their claims. Plaintiffs cannot establish a federal trademark infringement claim because the marks at issue are completely different and distinct, thus avoiding confusion as a matter of law. Further, the Plaintiffs' alleged mark is generic because "Around the Clock" is merely descriptive

of services provided at all hours of the day.  Also, the Plaintiffs' marks pertain exclusively to air conditioning services, while the mark of Defendant, Around the Clock Plumbing ("ATC Plumbing") pertains exclusively to plumbing services.  Thus, there is no protected service area in which ATC Plumbing might arguably transgress.

Similarly, Plaintiffs cannot establish claims under Florida law because of the failure to plead the required elements of Florida Statutes §817.41, §495.151 and related claims.  Further, Plaintiffs' Florida-based unfair competition and common law trademark claims also fail because Plaintiffs do not own any valid, cognizable common law rights in any "Around the Clock" mark. That term is simply descriptive and not entitled to protection.  Additionally, there is no likelihood of confusion because the marks at issue are completed distinct and pertaing to different classes of commerce.  Because these deficiencies cannot be corrected, the dismissal should be with prejudice.

## II.  FACTUAL BACKGROUND

Lindstrom Air is a family-owned company which has been in business since 1975.  In 2013, Lindstrom Air entered into an asset purchase agreement with ATC Plumbing.  Contrary to the "upon information and belief" allegations of the Plaintiffs, ATC Plumbing is not a subsidiary of Lindstrom Air.  ATC Plumbing is an active Florida corporation and an indispensable party.  In connection with the asset purchase agreement, Lindstrom Air acquired the state-registered trademark of ATC Plumbing.  That trademark was registered by ATC Plumbing in 1983, bears state registration number T07000000371, is exclusively used in connection with plumbing services and has been in continuous use for 30 years.  [DE 1, Ex. C]   The ATC Plumbing trademark is not for the generic words, "Around the Clock."  The trademark is for a very specific and distinctive design which contains bubble lettering, cartoonish font and an angled, three-

dimensional, clock face showing a time of 8 o'clock.  [DE 1, Ex. D]  As stated, the only services advertised in those examples are plumbing services.  Air conditioning services are not claimed or advertised by ATC Plumbing.

According to the Complaint, ABC IP is the owner of the two federal trademarks at issue. [DE 1, ¶14]  The federal marks were not registered until 2010 and not issued until 2011.  [DE 1, Ex. A]  This was more than three years *after* ATC Plumbing registered its mark.  [DE 1, Ex. C] The federal marks of ABC IP were not even alleged to be used in commerce until 1988.  [DE 1, Ex. A].  This was five years *after* ATC Plumbing registered its state mark.  [DE 1, Ex. C].

Important to note, there is no allegation that ABC IP performs air conditioning services in Florida, nor any allegation that ABC IP uses the federal marks in commence.  Instead, the Plaintiffs carefully state in the Complaint that only ABC IP owns the federal marks, only ATC AC owns the state marks, an only ATC AC uses the marks in commence.  [DE 1, ¶¶14, 15, 19]. Meaning, the Complaint is fatally flawed because the owner of the federal marks, ABC IP, is not alleged to even use the marks in commerce, nor is there any allegation that ABC IP assigned the federal mark to ATC AC for good and valuable consideration.

Moreover, all of the Plaintiffs' marks relate only to air conditioning services.  [DE 1, Ex. A]  None of the marks relate to plumbing services, nor is the word "plumbing" included in any of the marks.  Put plainly, ABC IP is improperly asserting rights to a trademark it does not use in commerce (only ATC AC is alleged to use the mark), ATC AC is improperly attempting to assert federal rights it does not possess (only ABC IP owns the federal marks) and the marks are strictly limited to commercial classes 36 and 37 pertaining to air conditioning services (a class of service in which ATC Plumbing does not engage).  [DE 1, Ex. A]  As such, the Plaintiffs fails to state a cause of action upon which relief can be granted.

## III.  LEGAL ARGUMENT

**A.      The Legal Standard Pursuant to Federal Rule of Civil Procedure 12(b)(6)**

Dismissal of a claim is proper "if the complaint lacks an allegation regarding an element necessary to obtain relief or if the plaintiff fails properly to allege standing to sue." *Moore's Federal Practice* § 12.34[4][a]; *see also Pyles v. United Air Lines*, 79 F.3d 1046, 1049 (11th Cir. 1996). A dismissal under Rule 12(b)(6) can be based upon either the lack of a cognizable legal theory or the lack of sufficient facts alleged under a cognizable legal claim. *See Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1320 (11th Cir. 2006) ("at a minimum, notice pleading requires that a complaint contain inferential allegations from which we can identify each of the material elements necessary to sustain a recovery under some viable legal theory").  When considering a motion to dismiss based upon Rule 12(b)(6), the Court only "accepts all *well-pled* facts alleged by [*sic*] in the complaint as true." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (emphasis added). The Court is not obligated to accept improper, half-hearted or allegations contradicted by exhibits  as true.  "To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions; they are required to allege some specific factual bases for those conclusions or face dismissal of their claims." *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1263 (11th Cir. 2004).  Legal conclusions alone are not sufficient to withstand dismissal.

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009). In order to state a plausible claim, the complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops

short of the line between possibility and plausibility of entitlement to relief.'" *Id.* In this respect, "[a] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.   This is especially applicable when claims for relief require allegations of factual particularity, such as fraud claims and false advertising claims. "Conclusory allegations and unwarranted deductions of fact are not admitted as true." *Griffin Indus. v. Irvin*, 496 F.3d 1189, 1206, 1210 (11th Cir. 2007) (reversing district court's denial of defendants' 12(b)(6) motion where facts in plaintiff's own complaint contradicted its conclusory allegations). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice. *Iqbal*, 129 S. Ct. at 1949; *see also Sinaltrainal*, 578 F.3d at 1270 (dismissing complaint consisting of "vague and conclusory allegations" which did not "raise a right to relief above the speculative level").   With these standards applied, both the factual allegations in the Complaint, the exhibits attached to the Complaint and the application of law to the facts allege warrant dismissal.

**B.**  **Plaintiffs' Marks are Completely Dissimilar to the Mark of ATC Plumbing; There Is No Likelihood Of Confusion as a Matter of Law; All Claims Based on Trademark Infringement or Confusion Should be Dismissed**

"[T]he touchstone of liability in a trademark infringement action is not simply whether there is unauthorized use of a protected mark, but whether such use is likely to cause consumer confusion." *Custom Mfg. and Engineering, Inc. v. Midway Services, Inc.*, 508 F.3d 641, 647 (11th Cir. 2007).   The Eleventh Circuit uses the seven factors set forth in *Frehling Enterprises, Inc. v. International Select Group, Inc.*, 192 F.3d 1330, 1335 (11th Cir. 1999) to analyze likelihood of confusion. "Because the bottom line is the likelihood of consumer confusion, application of the *Frehling* factors entails more than the mechanistic summation of the number of

factors on each side; it involves an evaluation of the 'overall balance.' " *Custom Mfg.*, 508 F.3d at 649.  The Eleventh Circuit instructs that "[t]he appropriate weight to be given to each of these factors varies with the circumstances of the case." *Dippin' Dots, Inc. v. Frosty Bites Distribution, LLC*, 369 F.3d 1197, 1207 (11th Cir. 2004); *see also Murray v. Cable NBC*, 86 F.3d 858, 861 (9th Cir. 1996) (affirming 12(b)(6) dismissal of a trademark infringement claim on a small sub-set of likelihood of confusion factors).

The similarity of marks has always been considered a critical question in the likelihood of confusion analysis. *Armstrong Cork Co. v. World Carpets, Inc.*, 597 F.2d 496, 502-05 (5th Cir. 1979) (holding that district court's finding that the marks were "substantially similar" was clearly erroneous and without "critical finding of trademark similarity" finding of likelihood of confusion could not stand). "Overwhelming visual dissimilarity can defeat an infringement claim, even where the other six factors all weigh in favor of the plaintiff."  *Welding Services, Inc. v. Forman*, 509 F.3d 1351, 1361 (11th Cir. 2007).  In other words, where alleged "conflicting marks are overwhelmingly dissimilar, a summary dismissal of the infringement claim is proper even if all of the other factors tip in favor of the plaintiff." *McCarthy on Trademarks and Unfair Competition* §32:3 (4th ed. 2010), § 24:41; *Dippin' Dots*, 369 F.3d at 1209 ("two logos are so different that no reasonable jury could find that even a hurried 8-18 year old impulse shopper could confuse them"); *Cory Van Rijn, Inc. v. California Raisin Advisory Bd.*, 697 F.Supp. 1136, 1145 (E.D. Cal. 1987) (dismissing trademark infringement claim finding that "the absence of substantial similarity leaves little basis for asserting a likelihood of confusion").  ABC IP's stylized federal registration of concentric circles with diagonal, block lettering and using the circular graphic of "A/C SALES & SERVICE" and "AIR AROUND THE CLOCK" are completely different from the cartoonish, stylized mark of ATC Plumbing:

**ABC IP's Stylized Mark:**          **Around the Clock Plumbing Stylized Mark:**

          

[DE 1, Exs. A and D].  The mark of ABC IP uses block lettering embedded in the crown of an unnumbered, two-dimensional clock.  The words at the top are "A/C & Appliance Service."  The clock hands are positioned at 3 o'clock and the face of the clock uses only the letters "A T C" on a downward slant.  The term, "Air Around the Clock," is embedded on the bottom half of the clock crown.  The logo is all contained within one large circle.  In stunning contrast, the ATC Plumbing logo uses a three-dimensional, clock pivoted on axis with shadowing.  It uses actual numbers on the clock face and is positioned at the position of 8 o'clock.  It also uses three-dimensional cartoon font for the words, "Around the Clock."  These words use shadowed font to convey depth.  The words, "The" and "Plumbing" are in black font without shadowing.  The words used by ATC Plumbing are to the far right of the clock and much larger than the diminutive clock to the left.  There are no letters or words within the clock face.  Lastly, there is no indication whatsoever the ATC Plumbing mark is associated with air conditioning services.  The logo is very clearly connected to only "Plumbing" services.

As evidenced from the exhibits to the Complaint, there could be no reasonable confusion between the marks.  The two marks are so different that "...no reasonable jury could find that even a hurried 8 [to] 18 year old impulse shopper could confuse them."  *Dippin' Dots*, 369 F.3d at 1209.  It is equally disingenuous for the Plaintiffs to argue that the words "AIR AROUND

THE CLOCK" are somehow confused with a distinctive logo touting plumbing services.  ATC Plumbing does not claim or use and word mark.  It merely uses its logo to promote plumbing services.  No reasonable person could believe the stylized mark of ATC Plumbing somehow promotes air conditioning services.[1]

"Recovery under the Lanham Act requires, at a minimum, that confusion, mistake, or deception be likely, not merely possible." *Custom Mfg.,* 508 F.3d at 651 (citation omitted). Even before *Twombly* and its progeny many courts have dismissed trademark infringement claims under Rule 12(b)(6) where the allegations did not support any plausible finding of likelihood of confusion. *See Toho Co. v. Sears, Roebuck & Co.*, 645 F.2d 788, 790 (9th Cir. 1981) (affirming Rule 12(b)(6) dismissal where facts alleged, including dissimilarity of the marks, would not "permit a conclusion that consumers are likely to be confused as to source or sponsorship"); *Hensley Manufacturing, Inc. v. ProPride, Inc.*, 579 F.3d 603, (6th Cir. 2009) (affirming 12(b)(6) dismissal where complaint did not allege facts sufficient to show likelihood of confusion as to the source of the products and defendant's mark was "not even remotely similar" to plaintiff's asserted mark); *Sweet v. City of Chicago*, 953 F.Supp. 225, 231-232 (N.D. Ill. 1996) (granting 12(b)(6) motion to dismiss trademark infringement claim with prejudice where "complaint merely makes the conclusory assertion that confusion is likely and sets forth no facts that would permit a conclusion that patrons of the Art Fair are likely to be confused as to the origin or sponsorship of the Art Fair"); *Marvel Enterprises, Inc. v. NCSoft Corp.*, 2005 WL 878090, *4 (C.D. Cal. 2005) (granting a Rule 12(b)(6) motion to dismiss where plaintiff did not own a

---

[1] Another compelling case for contrast is in which two logos were deemed to be "dissimilar" is *Blehm v. Jacobs*, 702 F.3d 1193 (10th Cir. 2012)(similar stick-figures standing, smiling and holding two-finger peace signs were deemed distinct).  While the *Blehm* case was evaluating copyrighted logos, not trademarks, the analysis regarding -- and rejecting -- "potential confusion" is applicable.

registration for the image of the character and dissimilarity of the word marks was "self-evident"); *Betancur v. Florida*, 2008 WL 506305, (N.D. Fla. 2008) (a trademark infringement claim "requires a showing that the defendant's actual practice is likely to produce confusion in the minds of consumers about the origin of the goods or services").  Here, confusion is not likely or even possible, because of the self-evident dissimilarity in both the wording and stylization between Plaintiffs' asserted federal registrations and Lindstrom Air's alleged use of a completely different logo promoting exclusively plumbing services.

Beyond the striking *dis*similarity, Plaintiffs also fail to plead any allegations relating to actual confusion, a key factor in the Eleventh Circuit. *Custom Mfg.*, 508 F.3d at 650 (Eleventh Circuit has "consistently held" that "actual confusion" is one of "the most weighty of considerations"); *Tana*, 611 F.3d at 779 ("actual confusion in the consuming public, is the most persuasive evidence in assessing likelihood of confusion").  It is respectfully submitted there can be no confusion as a matter of law because the Plaintiffs' marks offer a completely different service, as both factually and as promoted in marks attached as exhibits to the Complaint.  As such, the Plaintiffs necessarily do not properly plead any allegations of "confusion factors," such as: specificity of which mark causes actual confusion, similarity of the services related to the mark or the similarity of manner of advertising and promotion.  In fact, the overwhelming dissimilarity of the marks dooms Plaintiffs' §1114 claim (Count I), §1115 claim (Count II), common law trademark claim (Count VI) and state trademark claim under Florida Statute §495.131 (Count VII).  The absence of other well-pled facts sufficient to overcome dissimilarity supports dismissal.   "A trademark infringement suit may be dismissed on a 12(b)(6) motion if the allegations are totally without a legal foundation that could lead to liability." *McCarthy* §

32:121:25.  Accordingly, Plaintiffs' federal and state infringement claims should be dismissed with prejudice.

**C.      The Prior Use of the ATC Plumbing Mark is Fatal to Federal**
**          Trademark Claims asserted by ABC IP**

ABC IP -- as the sole owner of the federal marks at issue -- verifies in its Complaint that ATC Plumbing filed its "Around the Clock Plumbing" state mark in 2007.  [DE 1, Ex. C].  The ATC Plumbing state mark has been in use since 1983.  *Id.*   By way of exhibit admission, ABC IP concedes its federal marks were not used until 1988, not filed until 2010 and not registered until 2011.  [DE 1, Ex. A]   As a matter of basic timing, ATC Plumbing has been using its state trademark for years before ABC IP used or even registered its federal mark.  The doctrine of "prior use" is therefore applicable to the current situation and fatal to the claims for federal trademark infringment.  Pursuant to Section 33(b)(5) of the Lanham Act, 35 U.S.C. §1115(b)(5), one of seven enumerated defenses to an allegation of trademark infringement is prior use.   In relevant part, Section 33(b)(5) states:

> (5) That the mark whose use by a party is charged as an infringement was adopted without knowledge of the registrant's prior use and has been continuously used by such party or those in privity with him from a date prior to registration of the mark under this chapter or publication of the registered mark under subsection (c) of section 1062 of this title.

35 U.S.C. §1115(b)(5).  Needless to say, ATC Plumbing did not have knowledge in 1983 of a federal mark that was not even used until 1988 and not registered until 2011.  Therefore, ATC Plumbing "adopted without knowledge" its trademark long before ABC IP ever used its word mark or stylized mark.  Therefore, the prior use doctrine applies as an absolute bar to any alleged infringement.  *Central Mfg., Inc. v. Brett*, 492 F.3d 876 (7th Cir. 2007)(prior use of the term

"Stealth" precluded infringement claim under Lanham Act); *See also, John R. Thompson Co. v. Holloway,* 366 F.2d 108 (5th Cir. 1966).

**D.      Plaintiffs Do Not Own Any Statutory or Common Law
         Rights to the Generic, "Around the Clock" Mark**

In order for a mark to be protectable, it must be capable of distinguishing the owner's goods from those of others. 15 U.S.C. § 1052. "[T]o create trademark or trade dress rights, a designation must be proven to perform the job of identification; to identify *one source* and distinguish it from other sources. If it does not do this, then it is not protectable as a trademark, service mark, trade dress or any similar exclusive right." *McCarthy* § 3.3 (emphasis added). "Slogans often appear in such a context that they do not identify and distinguish the source of goods or services. In such cases, they are neither protectable nor registrable as trademarks." *McCarthy* § 7:20. Where a plaintiff cannot establish its alleged mark identifies a single source, its claim will be dismissed for failure to state a claim. *See Finger Furniture Co., Inc. v. Mattress Firm, Inc.*, 2005 WL 1606934, *4 (S.D. Tex. 2005)(granting 12(b)(6) motion to dismiss trademark infringement and other Lanham Act claims where the Court found it "difficult to characterize" plaintiff as the "source" of the alleged mark where other third parties used the phrase).

The alleged marks of the Plaintiffs include the generic term, "Around the Clock." [DE 1, ¶¶13, 14 15] This term is obviously intended to casually advise the public that the company is available for work "at all hours of the day," or "24 hours per day."[2] However, this type of mark is not recognized because it is merely descriptive. That is, a trademark is only valid if the terms used are unique. A merely descriptive term is not protectable. A term is descriptive pursuant to

---

[2]      As stated previously, ABC IP is the owner of the federal marks at issue. However, ABC IP does not conduct any air conditioning business in Florida. Therefore, its marks are actually descriptive of nothing related to the performance of any service provided by ABC IP.

Section 2(e)(1) of the Lanham Act if it "immediately coveys information about a characteristic or feature of the good or services with which it is being used." In re: Abcor Development Corp., 588 F.2d 811 (CCPA 1978). For this reason, the terms "best" and "local" are always rejected as potential trademarks. Similarly, the United States Patent and Trademark Office also rejects the term "24 hours" in connection with a trademark as being merely distinctive. See In re: 24 Hours Fitness, Inc. (Serial No. 75/161,148, June 21, 2000). The USPTO determined that the term "24 hours" simply implied the company was open at all hours of the day. Id. at p. 3. The term "24 hours" -- just like the term "around the clock" -- does not convey any unique meaning or secondary meaning. The mere words "around the clock" are not protectable. This is further borne out by thirty (30), active Florida corporations which use a ubiquitous corporate name starting with the term, "Around the Clock." See www.sunbiz.org; search term, "around the clock."[3] Among these Florida companies, there is even one other company in Florida called "Around the Clock Heating & Air Conditioning, Inc." which appears unrelated to the operations of the Plaintiffs. The following company websites are just a sampling of the hundreds of third-parties which use of "around the clock" by in connection with air conditioning services. www.google.com; search term "around the clock" & "air conditioning." This result does not include the thousands of other entities which use "around the clock" for other purposes:

www.aroundtheclockhvac.com                www.atchvac.com
www.aroundclock.com                       www.atc24hourservice.com
www.acservicewoodlandhills.com            www.aroundtheclockatc.com
www.aroundtheclockacandappliance.com

---

[3]       Lindstrom Air respectfully requests that the Court take judicial notice of the information in various public records which are available to the public on the Florida Department of State, Division of Corporations website. Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Bryant v. Avado Brands*, Inc., 187 F.3d 1271, 1277 (11th Cir. 1999) (filings at the Securities and Exchange Commission could be judicially noticed as "public records" as "[w]ere courts to refrain from considering such documents, complaints that quoted only selected and misleading portions of such documents could not be dismissed under Rule 12(b)(6) even though they would be doomed to failure").

To suggest "around the clock" is unique in any way -- especially as it pertains to air conditioning service -- would be impossible.   More to the point, the mark is only registered for air conditioning services.   It is not registered in any class of services for which plumbing services are offered.   It defies logic that ABC IP or ATC AC could seek relief in connection with a mark reserved for air conditioning services based on a mark used exclusively to promote plumbing services.   This type of claim should be disallowed.[4]   Based on the publically available documents, neither ABC IP nor ATC AC can establish they are the single source of air conditioning services offered under the alleged "around the clock" mark.   As such, the unfair competition and false designation of origin claims must simply fail.[5]

All of the claims presented (except for logo confusion, which has already been explained as separate and distinct as a matter of law) relate to alleged infringement of the word mark "around the clock."   Although Plaintiff claims the word mark is unique or obtained a secondary meaning, it is nevertheless subject to challenge on the grounds that it is generic. 15 U.S.C. §1065(4); McCarthy § 12:60; *Green Prods. Co. v. Black Flag Brands LLC*, 2010 WL 3910336, at *3 n.3 (N.D. Cal. Oct. 4, 2010) (even incontestable marks can be challenged on the grounds that the mark is generic); *Wallach v. Longevity Network Ltd.*, 2005 WL 5958091, at *13 n.7 (C.D. Cal. Sept. 1, 2005); *see also Yellow Cab Co. of Sacramento v. Yellow Cab of Elk Grove, Inc.*, 419 F.3d 925, 927 (9th Cir. 2005).   "If the primary significance of the trademark is to

---

[4]        While the allegations of ABC IP and ATC AC suggest use of the ATC Plumbing mark to promote air conditioning services, this is completely contradicted by the attachments to the Complaint.   [DE 1, Ex. D].  Each and every advertisement attached to the Complaint uses the ATC Plumbing mark to promote only plumbing services.  There is absolutely no use of the term "air conditioning" or any reference to air conditioning services. This negates entirely the allegations of the Complaint and begs the question as to why the Complaint was even filed.

[5]        As it pertains to the affidavit of Joseph Marion, attached to the complaint as Exhibit F, it is respectfully suggested Mr. Marion is mistaken, confused or did not properly utilize the Internet.    A www.google.com  search for the simple term "around the clock" -- as Mr. Marion stated under oath was his lone search term -- reveals 219,000,000 search results.   None of these results readily identify any air conditioning company.   Thus, the foundation of his affidavit is flawed and unreliable.   It is respectfully suggested the remainder of the affidavit is fundamentally flawed, a bit confusing and appears to be improperly redundant.

describe the type of product or service provided rather than the producer, the trademark is a generic term and cannot be a valid trademark." *CG Roxane LLC v. Fiji Water Co., LLC*, 569 F. Supp. 2d 1019, 1026 (N.D. Cal. 2008) (emphasis in original).  The issue of whether or not a mark is generic is properly decided on a motion to dismiss. *Energy Intelligence Group, Inc. v. UBS Fin. Servs., Inc.*, 2009 WL 1490603 (S.D.N.Y. May 22, 2009) (the court held, on a motion to dismiss, that the plaintiff's mark "THE OIL DAILY" as used on newsletters dealing with the energy and petroleum industries was generic).  The court reasoned that the word "OIL" refers to the product (petroleum) while "DAILY" connotes the publication's cycle. *Id.* Accordingly, the court held there was "no doubt" that the plaintiff's mark was generic and dismissed the plaintiff's trademark-based claims. *Id.* at *5-6.  In this case, "air" or "air conditioning" is the product, while "around the clock" is the daily time frame in which the service is provided.  It is therefore a generic term and not entitled to protection.  Therefore, the entire complaint should be dismissed.

**E.    Plaintiff ATC AC Cannot State a Claim For Federal Trademark Infringement Under Section 32(1) Of The Lanham Act, Because it Does Not Own a Registered Trademark**

In addressing the federal trademark claims, it is important to distinguish between ABC IP and ATC AC.  According to the documents attached to the Complaint, only ABC IP owns the federal trademarks.  [DE 1, Ex. A]  However, Section 32(1) of the Federal Trademark Act, 15 U.S.C. § 1114(1), establishes a cause of action for infringement solely to the owner of a federally registered mark.  "[A]ny person who shall, without the consent of the *registrant* use in commerce any reproduction, counterfeit, copy or colorable imitation of a registered mark . . . shall be liable in a civil action by the registrant…." (Emphasis added).  *See* 6 *McCarthy on Trademarks and Unfair Competition* §32:3 (4th ed. 2010) ("it is clear on the face of the statute that plaintiff must be the "registrant" of an already issued and outstanding registration" to bring an infringement

claim); *Tana v. Dantanna's,* 611 F.3d 767, 773 (11th Cir. 2010) (Section 32(a) creates a cause of action for the infringement for a registrant of a mark); *Berni v. International Gourmet Restaurants, Inc.*, 838 F.2d 642, 645-646 (2d Cir. 1988) ("Section 32 of the Lanham Act, 15 U.S.C. § 1114(1), grants standing to assert a claim for trademark infringement solely to the 'registrant'").  Plaintiffs allege in Count II that both "Plaintiffs own two federal trademark registrations..."  [DE 1, ¶53]  However, this is flatly contradicted by the registrations attached to the Complaint.  [DE 1, Ex A]   Only ABC IP owns the federal marks.  Thus, it is improper for both Plaintiffs to seek relief.  As such, Count II should be dismissed because it falsely alleges in a verified pleading that ATC AC is also the owner of the federal marks.

**F.   There is No Chance of Confusion Because Lindstrom Air Either Clearly Promotes Around the Clock Plumbing as its Own Mark or Uses the Mark to Promote Only Plumbing Services**

Lindstrom Air acquired the ATC Plumbing mark in connection with an asset purchase agreement.  Whenever necessary, Lindstrom Air only uses the ATC Plumbing in joinder with the "Lindstrom" logo to avoid any possible confusion as to origin or ownership of the ATC Plumbing mark.  When a product or service is clearly labeled as to its originating company, and thus identifies clearly the source of the product, this eliminates as a matter of law any likelihood of confusion. *See Custom Mfg.*, 508 F.3d at 652 n.10 (use of house brand significant in reducing likelihood that consumers would be confused as to source ); *Tiger Direct, Inc. v. Apple Computer, Inc.*, 2005 WL 1458046, *16 (S.D. Fla. 2005) (J. Lenard) (finding the parties marks "distinctly different" where defendant Apple's use occurred in an "Apple-branded environment"); *La Dove Inc. v. Playtex Jhirmack, Inc.*, 1991 WL 187473, *4-*5 (S.D. Fla. 1991) (noting the prominent presence of plaintiff's house mark in finding no similarity); *Carnival Corp. v. SeaEscape Casino Cruises, Inc.*, 74 F.Supp.2d 1261, 1268 (S.D.Fla. 1999)

("considering the marks as a whole leads the Court to conclude that they are not similar enough to create a likelihood of confusion. Especially persuasive is the fact that the 'Fun Ship' mark is used in conjunction with the 'Carnival' mark 95% of the time and that the SeaEscape slogan always features the 'SeaEscape' name prominently"); *HBP, Inc. v. Am. Marine Holdings, Inc.*, 290 F. Supp. 2d 1320, 1332-33 (M.D. Fla. 2003) (no confusion where defendant prominently used its mark).

The "best" example provided by the Plaintiffs to support all of their claims of confusion, unfair competition or false advertising is provided by way of exhibit.  [DE 1, Ex. D]   Plaintiffs allege the attached advertisements are somehow confusing or misleading.   However, the advertisements attached to the Complaint show only the use of ATC Plumbing stylized mark in connection with plumbing services -- *not air conditioning services as improperly alleged*.  Since ABC IP and ATC AC do not enjoy any protection at law from the use of the ATC Plumbing mark in connection with plumbing services, the claims made by the Plaintiffs must fail.  Finally, since Lindstrom Air clearly demarks the origin of the ATC Plumbing mark whenever necessary, the Plaintiff's claims must fail.

**G.     The Plaintiffs' State-Based Misleading Advertising Claim Fails Because the Plaintiff Fail to Allege any "Advertisement" and Fail to Plead the Claim with Specificity**

ATC AC alleges in Count III that Defendants "adopted a policy whereby representatives of Defendants advise members of the public that Defendants are in fact ATC [AC]." [DE 1, ¶67] However, the alleged acts of wrongdoing are not sufficient to state a claim upon which relief can be granted.   Foremost, there must be a specific "advertisement" which is misleading.   *See* Fla.Stat. §817.41(1).  The alleged "policy" of a company is not a specific and false advertisement by a company.  There must be some manifestation of an advertisement which conveys a false

message.   Moreover, in a misleading advertisement claim, a plaintiff must plead and prove the additional elements of a claim for fraudulent inducement.  *Smith v. Mellon Bank,* 957 F.2d 856 (11th Cir.1992).   Plaintiff must thus allege in addition to a false advertisement: a) the advertisement was directed to the plaintiff, b) knowledge by the Defendant that the advertisement was false, c) an intention that the plaintiff would reasonably rely upon the false advertisement, d) entry into an agreement to purchase goods or services as a result of the false advertisement, and e) damages resulting from the alleged misconduct.  *Id.*

The only "advertisements" referenced in the Complaint are a compendium of written advertisements.  [DE 1, Ex. D]  Those advertisements clearly promote only ATC Plumbing and promote only plumbing services.   There is no indicium of Defendant "representatives advising members of the public that the Defendants are ATC [AC]. [DE 1, ¶67].   Since there is nothing in those advertisements to suggest an affiliation between ATC Plumbing and ATC AC, those advertisements cannot form the basis of any claim for relief.

To the extent ATC AC is attempting to rely on an nondescript "policy" in lieu of an advertisement, the claim also fails because the fraud claim is not pleaded with particularity.  The "particularity" requirement of Federal Rule of Civil Procedure 9(b) "serves an important purpose in fraud actions by alerting defendants to the 'precise misconduct with which they are charged' and protecting defendants 'against spurious charges of immoral and fraudulent behavior.' " *Ziemba v. Cascade Intern., Inc.,* 256 F.3d 1194, 1202 (11th Cir.2001)(citation omitted). *See also Friedlander v. Nims,* 755 F.2d 810, 813 n. 3 (11th Cir.1985) (Rule 9(b) serves to "eliminate fraud actions in which all the facts are learned through discovery after the complaint is filed"). To satisfy the "particularity" standard, courts require that a complaint identify (1) the precise statements, documents or misrepresentations made; (2) the time and place of and persons

responsible for the statement; (3) the content and manner in which the statements misled the plaintiff; and (4) what the Defendants gains by the alleged fraud. *Ambrosia Coal & Const. Co. v. Pages Morales,* 482 F.3d 1309, 1316–17 (11th Cir.2007). *See also U.S. ex el. Atkins v. McInteer,* 470 F.3d 1350, 1357 (11th Cir.2006). Furthermore, Rule 9(b) requires more than conclusory allegations that certain statements were fraudulent; it requires that a complaint plead facts giving rise to an inference of fraud. *See U.S. ex rel. Clausen v. Laboratory Corp. of America, Inc.,* 290 F.3d 1301, 1313 (11th Cir.2002) ("If Rule 9(b) is to carry any water, it must mean that an essential allegation and circumstance of fraudulent conduct cannot be alleged in [ ] [a] conclusory fashion....")  Here, ATC AC fails to allege a specific advertisement, and ATC AC failed to allege its claim with any specificity whatsoever.  As such, the claim should be dismissed.

**H.      The Plaintiffs Fail to Allege Specific Facts Which Could Support a Claim Under Florida's Deceptive and Unfair Trade Practices Act**

ATC AC alleges in Count IV a violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUPTA").  [DE 1, ¶¶71-73].  In doing so, ATC AC incorporates all of its prior allegations involving trademark violations.  *Id. at* ¶71]  ATC AC also alleges a misuse of its alleged trademark, "Around the Clock." *Id. at* ¶72.  However, a FDUPTA claim is not applicable to trademark infringement.  *Babbit Electronics, Inc. v. Dynascan Corp.*, 38 F.3d 1161, FN7 (11th Cir. 1994) (FDUPTA has no application to trademark actions and is only applicable to consumer transactions).  Presuming ATC AC argues that "Around the Clock" is not part of any trademark -- which is doubtful since this argument would be fatal to the remainder of the Complaint -- it still fails to allege with particularity the facts giving rise to "deception" and "confusion."  Rule (9)(b) states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  The rule does not state that it only

applies to claims for fraud; it applies to allegations of fraudulent misconduct.  *Perret v. Wyndam Vacation Resorts, Inc.*, 846 F.Supp.2d 1327 (S.D.Fla 2012).  Clearly, allegations of "deceptive" conduct causing "customer confusion" sounds in fraud.  Consequently, ATC AC must plead and prove its FDUPTA claims with particularity.  There is no mention in Count IV of any specific acts of misconduct.  The claim fails to suggest how the Defendants use the term "around the clock," it fails to allege when the Defendants use the term, and it fails to suggest exactly how a consumer becomes misled.  Most notably, the claim fails to allege how the Defendants use "around the clock" in connection with the advertisement of air conditioning services.  If anything, the advertisements attached to the Complaint debunk and contradict any allegation the Lindstrom Air used "around the clock" to promote air conditioning service.  [DE 1, Ex. D]  An appended document to the Complaint is treated as part of the complaint for all purposes under Federal Rule of Civil Procedure 10(c).  If those documents reveals facts which foreclose recovery as a matter of law, dismissal is appropriate. *Solis-Ramirez ex. rel. Solis v. United States Dep't of Justice*, 758 F.2d 1426, 1430 (11th Cir. 1985) ("Under Rule 10(c) Federal Rules of Civil Procedure, such attachments are considered part of the pleadings for all purposes, including a Rule 12(b)(6) motion").  Accordingly, the claim should be dismissed.

I.     **The Claim Under Florida Statute §495.151 Should Also
       Be Dismissed for Failing to Plead all Necessary Elements**

Florida Statute §495.151 establishes a cause of action for trademark dilution and requires that a plaintiff plead and prove the following elements in order to prevail:  1) the plaintiff's mark is famous; 2) the defendant used the plaintiff's mark after the plaintiff's mark became famous; 3) the defendant's use was commercial and in commerce; and 4) the defendant's use of the plaintiff's mark has likely caused dilution. *Z Productions, Inc. v. SNR Productions, Inc.*, 2011

WL 3754693, *5 (M.D.Fla. 2011).  Under state anti-dilution statutes, courts have also generally required that the accused mark be nearly identical to the famous mark. *See McCarthy* § 24:117.

ATC AC fails to plead its mark is "famous," and it fails to allege that Defendants used the mark after the Plaintiff's mark became famous.  In point of fact, the Plaintiff cannot plead the term "around the clock" is famous because it is simply generic.  The term is not ascribed any special meaning.   The term is used by dozens of companies in Florida and thousands of companies throughout the United States.  The words, "around the clock," simply has no special meaning.  More to the point -- and perhaps most importantly -- there is no allegation that Lindstrom Air uses the stylized mark or the word mark.   ATC AC wrongfully suggests "Defendants' use of AIR AROUND THE CLOCK."   [DE 1, ¶98].   However, not a single advertisement or supporting document supports this allegation.  To the contrary, the only mark used is the "Around the Clock Plumbing" mark purchase by a long-standing company, ATC Plumbing.  It would appear ATC AC is trying to bring a trademark infringement action without the Defendants actually using the trademark.  This is fatal to the claims made, and the state-based trademark claim for a generic mark should be dismissed. *Exxon Corp. v. Oxxford Clothes, Inc.*, 109 F.3d 1070, 1082 (5th Cir. 1997); *Carnival Corp.*, 74 F.Supp.2d at 1270-71 (finding plaintiff's mark not famous under federal or state dilution law despite over 20 years of use and extensive advertising and sales); *see also Brooks Shoe Mfg. Co., Inc. v. Suave Shoe Corp.*, 533 F.Supp. 75, 84 (S.D. Fla. 1981) ("the Court's finding that it is not likely the Suave shoe would be confused with a Brooks shoe means the Plaintiff has failed to prove a violation of Florida's dilution statute, Fla. Stat. § 495.151").

### III.   CONCLUSION

Based on the forgoing, it is respectfully requested that the Complaint be dismissed.

<u>**CERTIFICATE OF SERVICE**</u>

      **I HEREBY CERTIFY** that on this **11th** day of **November**, **2013**, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on the parties identified on the Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

**THE WOLFF LAW FIRM**
1401 East Broward Blvd.
Victoria Park Center, Suite 204
Fort Lauderdale, Florida 33301
Telephone:   (954) 565-5040
Facsimile     (954) 827-8300
Email: cwolff@wolfflawfirm.com

By:     /s/ Clifford A. Wolff
**CLIFFORD A. WOLFF, ESQ.**
Florida Bar Number 0076252

<u>**SERVICE LIST**</u>

**SERVED VIA CM/ECF:**

    •    Elias R. Hilal, Esq.
           633 SE 3rd Avenue, Suite 301
           Fort Lauderdale, Florida 33301
           Telephone: (954) 463-2065
           Email: elias.hilal@erhlaw.com

    •    James G. Keys, III, Esq.
           3350 SW 148th Avenue, Suite 110
           Miramar, Florida 33027
           Telephone: (954) 519-2041
           Email: mail@keyslawfirm.com

**SERVED BY U.S. MAIL**

    •    Not Applicable